F. Daniel Nourian
12920 Hawthorne Blvd.
Suite #105
Hawthorne CA 90250
Tel (310)251-5901
Defendant Pro Se



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANGKOK GRILL, a business of unknown form; FARIBORZ DANIEL NOURIAN, Defendants. | CaseNo. 2:18-cv-04610-RGK-KS<br><br>**Hon. R. Gary Klausner**<br>**DEFENDANT NOURIAN'S**<br>**SEPARATE**<br>**JOINT RULE 26(f) REPORT**<br><br>**Date: November 19, 2018**<br>**Time: 9:00 a.m.**<br>**Courtroom: 850** |

F. DANIEL NOURIAN, an individual ("Defendant") respectfully submits his SEPARATE REPORTpursuant to Federal Rules of Civil Procedure Rule 26(f). Nourian hereby submits this report in separate from Plaintiff Perri and Defendant Bangkok since synchronizing the timely filing of this report along with Manning Law and Bangkok Grill has not been successful. Nourian has received the joint report from Manning Law and made his preliminary response to this date. Follow up has been difficult so Nourian will respectfully file this separate report to be in full compliance with court orders.

-1-

FRCP RULE 26(f) REPORT

Nourian has served upon Mr. Perri initial voluntary disclosures on 10/20/18 and has not received anything from Plaintiff to date as to their initial disclosures.

## A. STATEMENT OF THE CASE

Nourian accepts that he owns the property located at 12920 Hawthorne Blvd., and Bangkok Grill is a tenant at the facility. Nourian asserts that the curb ramp can be up to 5% grade as specified by the CASP inspector Jason James and denies the maximum limit of 2%. He also claims that the existing two ADA spaces were less than 2% in grade in compliance with the current code with a curb up ramp at about 5%. **Furthermore, there was another way to access the facilitydirectly from the sidewalk without the use or need of any ramp**.

Nourian alleges that he has seen no good evidence to date that Plaintiff was ever a customer at Bangkok Grill, or heever intended to be a customer at Bangkok Grill,andNourian is doubtful if the plaintiff was ever present on the alleged visit of about April 25, 2018.

Nourian was served on 6/26/18 with the instant action andNourian hired CASP inspector Jason James at Building Principles on 7/6/18 at the cost of $1100.00 to do a complete inspection on the property in question and all the tenants within the center. The report was finished by 7/11/18. The center parking facility was redone to new code by at the cost of $8785.00. The new CASP report was issued that showed the violations been corrected on 8/25/18. The Plaintiff's assertion that the

remediation can be done without excess cost was not true. The total cost so far has been $9885.00 approximately $10,000.00.

Nourian claims that he was under no order from any governmental agency or any other authority, or court order to make any ADA compliance changes to the property. In fact, the property has been inspected from the Hawthorne Building and safety within the past few years and no ADA violation was noticed.

As for the sewer drain cover at Bangkok Grill, there are several declarations from witnesses saying that they had seen the drain cover under the sink at BANGKOK GRILL. Bangkok Grill claims that the drain cover was immediately replaced after being stolen. These covers cost about $10-$20 and are commonly stolen as specified by Jason James the CASP inspector. Bangkok Grill had a separate CASP inspection as well and all violations were corrected by 8/25/18 and a new report showing the corrections was made.

Nourian claims that PLAINTIFF sites certain ADA code violations but PLAINTIFF fails to explain and specify how he suffered discrimination, embracement, or discomfort. Nourian once again doubts if PLAINTIFF ever visited the property having filed 180 lawsuits in 13 months.

There are declarations from witnesses that will testify as to the identity of any disabled person visiting the property on the said dates and there maybe video evidence available as well.

Manning Law or their associates have filed in excess of about 1500 ADA lawsuits using mainly repetitive serial Plaintiff's within a very short period in Federal Courts in Southern CA. Most their cases are CUT-AND-PASTE boilerplate lawsuits just inserting defendants switching the plaintiffs in the case. Nourian claims that he has seen Mr. Perri claim to be at times quadriplegic and at times in a wheelchair or just have trouble walking within the reviewed lawsuits on Pacer.

Nourian claims that Mr. Perri alone has filed about 190 lawsuits (about 13 lawsuits per month) since 7/28/17. Nourian claims that Mr. Perri has filed even more in State Courts prior to the regulation changes in state laws. Most of Mr. Perri's lawsuits involve Mr. Perri claiming a business is in violation of the ADA accessible parking spaces and then movers over to the transaction counter or the restrooms alleging technical violations.

Mr. Perri has claimed some violation of the ADA regulations filing about 13 ADA lawsuits per month but he also claims that he has trouble ambulating in his actions. Mr. Perri by his own claim in most of his lawsuits has visited restrooms in massage parlors, auto shops, auto supply stores, restaurants, markets, convenience stores, nail shops, retailers, tint shops, malls, shopping centers, most major national tenant retailers and restaurants throughout southern California.

**B.   SUBJECT MATTER JURISDICTION**

Nourian claims that all matters with original jurisdiction have been resolved. There is no issue of material fact to be decided or injunctive

relief necessary. All issues have been resolved and a clearance report has been issued by Building Principles a certified CASP inspection company on 8/25/18.

Nourian contends that there are no conditions at the property as alleged in the Plaintiff's claim. On that basis, The Court should determine that the only federal claim under the ADA is moot and decline to exercise supplemental jurisdiction over state law claims. . City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 172-173 (1997); Mendoza V. Zirkel Fruit Co., 301 F. 3d 1163, 1174 (9th Cir. 2002).

## C. LEGAL ISSUES

Nourian asserts that there is no cause for injunctive relief since a CASP inspection company was hired, issues were remedied, and a clearance report was made. **Nourian alsohereby gives permission to Plaintiff or The Court to hire their own CASP inspector and inspect the property.**

Furthermore Plaintiff lacks standing, Plaintiff's purported barrier claims are moot, Plaintiff isnot entitled to any injunctive relief, and Plaintiff is not entitled to any statutory damages since Nourian believes that most likely the Plaintiff never visited the property among other affirmative defenses.

Nourian reserves the right to contest liability, purported damages, and reserves the right to the defenses and the affirmative defenses raised in his responsive pleading.

### D. DAMAGES

Defendant Nourian denies that Plaintiff is entitled at any damages whatsoever. Nourian hereby alleges that Mr. Perri was most likely never at the property, and the cost of litigation for Mr. Perri is very low since he is a serial Plaintiff using Cut-And-Paste boilerplate lawsuits extorting money and strong-arming CA businesses of all sizes.

### D. INSURANCE

Nourian does not have any insurance to cover this matter.

### E. MOTIONS

Nourian plans to file for summary judgment after completion of discovery since all barriers have been resolved. Nourian may also look into precedent cases to ask The Court to declare Mr. Perri a VEXATIOUS LITIGANT and order him to prefile to protect CA people and businesses from his type of litigation.

### F. COMPLEXITY

Nourian does not believe this is a complex matter.

## G. STATUS OF DISCOVERY

The Parties have not yet undertaken discovery.

## H. DISCOVERY PLAN

Nourian intends to propound document request and interrogatories regarding Plaintiff's litigation history, standing, and encounters with the alleged barriers, injunctive relief claims, and statutory damages. Nourian claims that Carmen John Perri has initiated about 190 ADA lawsuits within about a 13 month period. Nourian intends to take the deposition of Plaintiff, and any percipient witness, or expert named by the Plaintiff. Nourian may also look into taking the deposition of staff, or attorneys at s Manning LAW. Nourian claims that there must be people being sent out on the street by Manning Law to look for violations and Mr. Perri must be just signing off on the complaints. Mr. Perri is supposed to have problems walking, standing, ambulating, and in some complaints is a paraplegic.

Nourian has already served upon Mr. Perri his initial disclosures on 10/20/18 among exhibits A through K showing;

A) Invoice from building Principles for a CASP report totaling $1100.00 for the said property dated 7/6/18.
B) Cashed check from Building Principles for $2000 dated 7/12/18.
C) Site Accessibility Evaluation set 1 dated 7/7/18.
D) Access Inspection Certificate dated 7/7/18.
E) Paving Company CP & G invoice for $8785 dated 9/4/18.

F) Cashed check paving company CP & G for $8785 on 9/11/18.

G) Site Accessibility Evaluation set 2 dated 8/25/18.

H) Site Evaluation Bangkok Grill set 1    7/7/18.

I) Site Accessibility Evaluation Bangkok Grill set 2   8/25/18.

## I. EXPERT DISCOVERY

No comment regarding this subject.

## J. DISPOSITIVE MOTIONS

Nourian plans to file for summary judgment after completion of discovery since the property has been in full compliance by 8/25/18.

## K. ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION

Defendant Nourian claims that ADR 2 was already ordered to be completed by October 23, 2018 and Plaintiff failed to complete his obligation to arrange ADR by the date as ordered by The Court. Plaintiff also filed and served his case statement about 30 days late after receiving notice from Nourian to do so.

## L. SETTLEMENT EFFORTS

Initial settlement efforts at the early stages failed.

## N. TRIAL COUNSEL

Nourian plans to hire Robert H Appert after scheduling order has been made. It is unknown whom will be hired if Mr. Appert does not

accept the case.

## O. INDEPENDENT EXPERT OR MASTER

Nourian does not foresee the need of a special master.

## P. OTHER ISSUES

Nourian respectfully requests 12 months for discovery and 6 months for trial preparation but will accept any order of The Court.

## P. TRIAL BEFORE A MAGESTRATE:

Nourian will consent to trial by a magistrate.

Respectfully submitted,

Dated: 11-31-18

F. Daniel Nourian
Defendant in Pro Se

```
Fariborz Daniel Nourian
12920 Hawthorne Blvd. #105
Hawthorne CA 90250
Tel 310-251-5901
Defendant Pro Se
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISCTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI<br><br>Plaintiff, VS<br><br>BENJAPORN MAY KUSOLKUMBOT ERRONEOUSLY NAMED AS DEFENDANT BANGKOK GRILL<br>FARIBORZ DANIEL NOURIAN<br><br>Defendant | Case No.: 2:18-cv04610-RGK (KSx)<br><br>Honorable: R. Gary Klausner<br>Courtroom 850 on 8TH Floor<br>Scheduling Conference 11/19/18<br>ADR Deadline: 10/23/18<br><br>PROOF OF SERVICE BY FIRST CLASS MAIL |

1- I am at least 18 years old, not a party to this action, and I am a resident of or employed in the county where the mailing took place.
2- My business address is; 12920 Hawthorne Blvd, .Unit #105, Hawthorne CA 90250.
3- I served a copy of the following;

> DEFENDANT NOURIAN SEPARATE RULE 26 F REPORT 11/3/18

By enclosing them in an envelope and placing the envelope for collection on the date and the place shown in item 4 following our ordinary business practices. I am really familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing. It is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with the postage fully prepaid.
   4-The envelope was addressed and mailed as follows;

> **Manning Law APC Attorney for Plaintiff John Perri**
> **4667 MacArthur Blvd, Suite 150, Newport Beach CA 92660**
> **Ara Sahelian at Sahelian Law Offices Attorney for Bangkok Grill**
> **23046 Avenida Del Carlota, Suite #600, Laguna Hills CA 92653**

Date Mailed: 11/3/18

City and State of Mailing Hawthorne CA

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:   11/3/18         Name:   Edmond Pranada

Signature of person completing the form: _____

-1-

F. Daniel Nourian
12920 Hawthorne Blvd.
Suite #105
Hawthorne CA 90250

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV - 5 2018
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE R. GARY KLAUSNER
ROYBALL FEDERAL BUILDING
255 E. Temple Street
Courtroom 850, 8th Floor
Los Angeles CA 90012

USPS TRACKING NUMBER
9500 1150 7354 8307 3468 96

11-3-18

U.S. POSTAGE PAID
FCM PKG RT
LOS ANGELES, CA 90045
NOV 03, 18
AMOUNT $1.49
R2307M152533-01

U.S. POSTAGE PAID
FCM LG ENV
LOS ANGELES, CA 90045
NOV 03, 18
AMOUNT $2.26
R2307M152533-01